```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ARMANDO T.B.,                                         :
                                                      :
                              Plaintiff,              :
                                                      :     23-CV-273 (VSB) (GRJ)
                 -v-                                  :
                                                      :        OPINION & ORDER
LEE DUDEK, COMMISSIONER                               :
OF SOCIAL SECURITY,                                   :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

Appearances:

Edward Joseph Madigan
Meltzer, Fishman, Madigan & Campbell
New York, NY
*Counsel for Plaintiff*

Ariella Renee Zoltan
Jonathan King
Social Security Administration
Baltimore, MD
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Armando T.B.[1] ("Plaintiff" or "T.B.") brings this action pursuant to Section 205(g) of the Social Security Act (the "SSA"), 42 U.S.C. § 405(g), seeking judicial review of a determination by the Commissioner of Social Security (the "Commissioner")[2] that he is not entitled to Disability Insurance Benefits ("DIB"). (Doc. 1.) I referred this matter to Magistrate Judge Ona T. Wang on January 18, 2023. (Doc. 6.) On May 18, 2023, Plaintiff moved for

---

[1] Plaintiff's name has been partially redacted pursuant to Fed. R. Civ. P. 5.2(c)(2)(B).

[2] Acting Commissioner of Social Security Lee Dudek is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

judgment on the pleadings. (Doc. 12.) On July 18, 2023, the Commissioner filed an opposition brief. (Doc. 14.)

On September 5, 2023, Magistrate Judge Gary R. Jones issued a detailed and thorough Report and Recommendation ("Report" or "R&R"), recommending that Plaintiff's motion for judgment on the pleadings be denied and that this case be dismissed.[3] (Doc. 15 ("R&R").) On September 18, 2023, Plaintiff timely filed objections to the Report. (Doc. 16.) On September 28, 2023, the Commissioner responded to Plaintiff's objections. (Doc. 17.) Because I find that Plaintiff does not object to any particular portion of the Report and instead simply rehashes the same arguments set forth in his original motion for judgment on the pleadings, and because I find no clear error in the Report, I overrule Plaintiff's objections and adopt the Report in full.

I. **Legal Standard**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)). Indeed, a party's objection "must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267, 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "[T]he court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted); *see also Ortiz v.*

---

[3] On August 16, 2023, this matter was reassigned to Magistrate Judge Gary R. Jones.

*Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (noting that reviewing court "is only obliged to review the Report for clear error" where "objections largely reiterate the arguments made to, and rejected by" the magistrate judge).

## II.     Discussion

Plaintiff fails to provide any "specific, written objection" to any portion of Judge Jones's Report.  Indeed, Plaintiff's objections constitute essentially a copy-and-paste of Plaintiff's motion for judgment on the pleadings, including the headings, subheadings, and page numbers in the Table of Contents.  (*Compare* Doc. 16, *with* Doc. 12.)  In fact, the only reference to the Report in Plaintiff's objections is in the procedural history of this action.  (Doc. 16 at 2 ("The Magistrate issued a report and recommendation dated September 5, 2023 recommending denial of plaintiff's motion.").)  Plaintiff's objections contain no citation to any portion of the Report, and present no factual or legal argument that was not already presented in the motion for judgment on the pleadings.  Plaintiff filed these copied objections despite the fact that Judge Jones carefully reviewed the administrative record and even addressed Listings that the Administrative Law Judge ("ALJ") did not expressly discuss.  (*See, e.g.*, R&R at 10 (addressing Listings 1.21 and 11.08 even though "the ALJ did not expressly discuss these Listings").)

Accordingly, I review Judge Jones's Report for clear error.  Because Plaintiff does not present an objection that is "specific and clearly aimed at particular findings in the R&R," clear error is the proper standard of review.  *Bussey*, 2016 WL 7189847, at *2 (internal quotation marks omitted).  In addition, because Plaintiff's objections are essentially identical to Plaintiff's motion for judgment on the pleadings, these objections are "an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Rodriguez v. Astrue*, No. 11-CV-6977, 2013 WL 3753411, at *2 (S.D.N.Y. July 17, 2013) (internal quotation

marks omitted), so clear error is the proper standard of review. These arguments were "made to, and rejected by," Judge Jones. *See Ortiz*, 558 F. Supp. 2d at 451.

I have reviewed Judge Jones's thorough and well-reasoned Report for clear error and, after careful review, found none. Therefore, I overrule the objections and ADOPT the Report.

### III.  Conclusion

I overrule Plaintiff's objections and adopt the Report in its entirety. Plaintiff's motion for judgment on the pleadings, (Doc. 12), is DENIED.

The Clerk of Court is respectfully directed to enter judgment on behalf of Defendant and close this case. The Clerk of Court is directed to close the open motion at Document 12.

SO ORDERED.

Dated: April 18, 2025
       New York, New York

_____
Vernon S. Broderick
United States District Judge